## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF FLORIDA

SHIPPING and TRANSIT, LLC,

          Plaintiff,

                                    **Case No. 16-CV-81039**

vs.

1A AUTO, INC., d/b/a 1AAUTO.COM

          Defendant.

_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT 1A AUTO, INC. d/b/a 1AAUTO.COM's MOTION TO DISMISS

       Plaintiffs Shipping and Transit, LLC ("Shipping" or "Plaintiff"), by and through their undersigned counsel, hereby submit their Response in Opposition to Defendant 1A Auto, Inc. d/b/a 1AAuto.com's Motion to Dismiss, and in support, state as follows:

## I.      INTRODUCTION

       Defendant 1A Auto, Inc d/b/a 1AAuto.com's ("Auto" or "Defendant") Motion to Dismiss ("Motion") should be dismissed for the simple reason that the Court lacks subject matter jurisdiction to hear this matter as no case or controversy currently exists between the parties in light of the Covenant Not to Sue ("CNS") provided by Shipping & Transit, and which is submitted herewith.

## II.     ARGUMENT

       **A.     The Court lacks Subject Matter Jurisdiction to hear this matter since  no case or controversy exists between the parties and thus dismissal is  appropriate.**

The Federal Circuit in Super Sack, made it clear that "a patentee defending against an action for declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir.1995) (citing to Spectronics, 940 F.2d at 636-38, 19 USPQ2d at 1549-51); see also *King Pharm., Inc. v. Eon Labs, Inc.* (King Pharm. I),616 F.3d 1267, 1282 (Fed.Cir.2010) (the Federal Circuit reaffirmed its long standing precedent that broad and unrestricted covenants not to sue remove any case and controversy between the parties); *Benitec Australia, Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340-1347-48 (Fed. Cir. 2007) (finding no case or controversy to support declaratory judgment jurisdiction where patentee withdrew its infringement claims and covenanted not to sue the defendant for future acts)(emphasis added); *Microchip Technology, Inc. v. Chamberlin Group, Inc.,* 441 F.3d 936, 943 (Fed. Cir. 2006) (vacating district court's summary judgment of patent invalidity entered after the patentee covenanted not to sue the declaratory judgment plaintiff because the  district court lacked subject matter jurisdiction at that point)(emphasis added)).

The SuperSack court also stated that "the actual controversy must be extant at all stages of review, not merely at the time the complaint is filed" and the burden as it relates to the matter herein is on Plaintiff to "establish that jurisdiction over its declaratory judgment action existed at, and has continued since, at the time the [counterclaim] was filed." Id at 1058 (alteration in original) (internal quotations omitted). Here the burden rests on Auto to establish "that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [counterclaim] was filed." *International Med. Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc.,* 787 F.2d 572, 575 (Fed.Cir.1986).

To determine whether a case or controversy exists in a declaratory judgment action, the Supreme Court in MedImmune stated, a "definite, concrete, touching the legal relations of parties having adverse legal interests; and be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts" *MedImmune, Inc. v. Genetech, Inc.,* 549 US 118 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 US 227 (1937).) The court went a step further finding that a court should inquire "whether the facts alleged, under all the circumstances, show there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (quoting *MD. Cas. Co. v. Pac. Coal & Oil Co.,* 312 US 270, 273 (1941)); see also *Super Sack Mfg. Corp.,* 57 F.3d at 1058 ("There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) *1341 present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.")

In Super Sack, the patentee, filed a complaint for patent infringement against the Defendant, whom denied infringement and counterclaimed for declaratory judgment. The case proceed through several years of discovery and motion practice, until the patentee filed a Motion to Dismiss "unconditionally agree[ing] not to sue Chase for infringement as to the any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase." *Super Sack Mfg. Corp.,* 57 F.3d at 1056. The trial court granted patentee's motion and dismissed the matter.

Defendant appealed arguing the patentee's "promise not to sue...[was] not memorialized in a covenant, is too indefinite...fail[ing] to cover future products at all." Id. The Federal Circuit

upheld the decision finding that "...it is clear that the trial court, fulfilling its obligation as the first custodian of its own jurisdiction, dismissed the case for lack of actual controversy as required by Article III." *Super Sack Mfg. Corp.,* 57 F.3d at 1057. Similarly in *Hyloft, Inc. v. Jiangsu Sainty Shengtong IMP*, Case No. CV-07-5819, 2008 WL 4184633 (C.D. Cal. 2008) the patentee provided a "Covenant Not to Sue in which the patentee promised not to assert against the defendant any infringement claim based on the patents in suit with respect to any previous or current product". Ultimately, the Court dismissed the infringement claims and counterclaims for invalidity, finding that it was "divested of power under Article III to determine whether the defendant was entitled to declaratory relief on its counterclaims." The court also rejected the argument regarding future acts "the residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity." Id.

Thus, a patentee, such as Shipping, can put an end to a patent infringement case by covenanting not to sue the once accused infringer (i.e. Auto) by providing a covenant not to sue to an accused infringer or providing a statement of non-liability, the patentee eliminates any case or controversy that may have existed and effectively divesting a court of subject matter jurisdiction. *Intellectual Property Dev., Inc. v. TCI Cablevision of Californian, Inc.,* 248 F.3d 1333, 1341 (Fed. Cir. 2001) (finding that the statement of non-liability divested the district court of Article III jurisdiction).

In determining whether a covenant not to sue eliminates a justiciable case or controversy, courts often look to the totality of the circumstances, including "(1) the language of the covenant, (2) whether the covenant covers future, as well as past, activity and products, and (3) evidence of intention ... on the part of the party asserting jurisdiction to engage in ... [conduct] not covered by

the covenant." *Spicy Beer Mix, Inc. v. New Castle Beverage,* Case No. CV 14-007020 SJO

(JEMx), 2014 WL 7672167 at *5 (CD Cal. Aug. 1, 2014) (citing *Nike, Inc. v. Already, LLC,* 663

F.3d 89, 96 (2d Cir.2011), aff'd, —— U.S. ——, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013).

     In the instant case, Shipping & Transit has extended to Auto a covenant not to sue[1] that

eliminates any apprehension of liability and is exhaustive of all potentially infringing products

that Shipping & Transit may sue for by covenanting on behalf of itself and all future assignees of

the patents not to assert any claims of infringement against Auto, it affiliates, or assigns, thereby

eliminating any case or controversy based upon any of the patent owned or licensed by Shipping

& Transit. see *Nike, Inc. v. Already, LLC* (a case becomes moot-and therefore no longer a Case

or Controversy for purposes of Article III-when the issues presented are no longer live or the

parties lack a legally cognizable interest in the outcome.); *see American Tech. Inc. v. American

Furniture Tech. Corp.* CaseNo. 11-CV-113-Orl-22GJK, Middle District of Florida (Judge

Conway dismissed the entire case pursuant to Plaintiff's Covenant Not to Sue "considering all the

circumstances Defendant does not meet the burden to establish a substantial controversy,

between the parties having adverse legal interests, of sufficient immediacy and reality to warrant

the issuance of a declaratory judgment."); *see. Crossbow Tech, Inc. v. YH Tech.,* 531 F. Supp. 2d

1117, 1121 (N.D. Cal. 2007) (Judge Illston dismissed plaintiff's declaratory judgment case

---

[1] *see Benitec Australia, Ltd., 495 F.3d 1340, 1346 (Fed.Cir. 2007)(determining that even though the patentee acknowledged lack of infringement...when it moved to dismiss its infringement claims, absent an adjudication on the issue of infringement, the covenant not to sue removed the controversy over the defendants counterclaims) (emphasis added); Super Sack, 57 F3d at 1059 (holding a covenant not to sue, filed after more than five years and a full discovery phase-but before any determination by the court on the issue of infringement-removed from the field of controversy sufficiently actual to confer jurisdiction over defendants declaratory judgment counterclaims) (emphasis added); Medlmunne II, 535 F. Supp. 2d at 1066 (noting that, with respect to the timing of a covenant, the only factor that matter under the Federal Circuit's apparent bright line rule is whether a ruling on noninfringement has been reached)(emphasis added)*

because "the covenant in this case is exhaustive of all potentially infringing products that Crossbow may sue for.").

Therefore, this Court should act in the same way many other courts have, and dismiss Auto's Motion, and dismiss the case.

### III. CONCLUSION

Based on all of the above reasons, Plaintiffs respectfully request that the Court grant all aspects of this Motion, enter an Order dismissing Plaintiff's entire complaint with Prejudice together with all other relief the Court deems just and proper in this instance.

Dated: October 18, 2016

Respectfully Submitted

/s/ Jason P. Dollard
Jason P. Dollard, Esq.- Of Cousnel
Leslie Robert Evans & Associates, PA
214 Brazilian Avenue, Suite 200
Palm Beach, Florida 33480
(561) 832-8288 - Telephone
(561) 832-5722- Facsimile
email: jdollard@lrevanspa.com
Attorney for Plaintiff

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 18, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day, via email on the counsel listed below.

DAN GELBER
Florida Bar No. 512877
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
Direct email: dan@gsgpa.com
*Attorney for Defendant* 1A Auto, Inc. d/b/a 1AAuto.com

ADAM M. SCHACHTER
Florida Bar No. 647101
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
Direct email: aschachter@gsgpa.com
*Attorney for Defendant* 1A Auto, Inc. d/b/a 1AAuto.com

Foley Hoag LLP
Attn: Philip C. Swain, Esq.
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1150
(617) 832-7000 (fax)
(617) 365-4844 (cell)
 Email: pcs@foleyhoag.com
*Attorney for Defendant* 1A Auto, Inc. d/b/a 1AAuto.com