# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-81039-BLOOM/Valle

SHIPPING AND TRANSIT, LLC,

      Plaintiff,

v.

1A AUTO, INC., *d/b/a* 1AAUTO.COM,

      Defendant.

_____/

## ORDER ON MOTION FOR ADDITIONAL
## ATTORNEYS' FEES

**THIS CAUSE** is before the Court upon Defendant 1A Auto, Inc.'s ("Defendant") Verified Motion for Additional Attorneys' Fees and Costs filed on November 28, 2017. ECF No. [57] ("Motion"). The Court has reviewed the Motion, the record, and is otherwise fully advised in the premises. For the reasons stated below, the Motion is **GRANTED IN PART**.

On September 26, 2017, Magistrate Judge Valle issued a Report and Recommendation, recommending that this Court grant in part Defendant's Motion for Attorneys' Fees, ECF No. [25], and award Defendant $62,364.73 in attorneys' fees and $66.27 in costs. ECF No [51]. Three days after the Report and Recommendation was entered, Defendant filed a notice, styled as "Supplemental Declaration of Philip C. Swain in Support of Defendant's Motion for Attorney Fees," that requested an additional $65,660 in attorneys' fees and $1,470.20 in costs. ECF No. [52] ("Supplemental Declaration"). Neither party objected to the Report and Recommendation, and upon *de novo* review, the Court entered an Order Adopting Magistrate Judge's Report and Recommendation, ECF No. [53], which awarded Defendant 1A Auto, Inc. $62,364.73 in

attorneys' fees and $66.27 in costs as requested in Defendant's original motion. The Court declined to consider the additional fees contained in the Supplemental Declaration.

On October 30, 2017, Defendant moved for clarification regarding the fees sought in the Supplemental Declaration. That same day, the Court entered an order instructing Defendant that, to the extent it seeks fees that "were neither considered by the Magistrate Judge nor considered by the Court in its Order . . . the Defendant shall file a separate motion seeking those fees." ECF No. [56]. Defendant subsequently filed the instant Motion. Plaintiff has not opposed the Motion.

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." This Court has already found that this case is an "exceptional" case under the standard articulated in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), and thus warranted an award of reasonable attorneys' fees and costs incurred in litigating this matter. In awarding reasonable attorneys' fees, the Court approved and adopted Judge Valle's recommendation that the hourly rates of the attorneys were reasonable and that a 15% reduction was warranted based on redactions, block billing, and some duplicative work. Moreover, the Court awarded costs under Federal Rule of Civil Procedure 54 based on Defendant's status as a prevailing party.

The Court finds that the same reasoning applies here. Section 285 "does not bar the trial court from awarding fees for the entire case, including any subsequent appeals." *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1380 (Fed. Cir. 2017). Accordingly, Defendant's reasonable attorneys' fees must necessarily include those fees incurred litigating the fees motion at the trial level. *See, e.g.*, *Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352,

360 (D. Del. 2015); *Codex Corp. v. Milgo Elec. Corp.*, 541 F. Supp. 1198, 1201 (D. Mass. 1982). Defendant seeks $65,660 in attorneys' fees and $1,470.20 in costs. Applying the 15% reduction to Defendant's attorneys' fees, Defendant is entitled to an award of $55,811.00 in attorneys' fees and $1,470.20 in costs.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Attorneys' Fees and Costs, **ECF No. [57]**, is **GRANTED.** Defendant 1A Auto, Inc. is **AWARDED $55,811.00** in attorneys' fees and **$1,470.20** in costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record